UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHARLES HOWARD,

        Plaintiff,

   -against-

THE PORT AUTHORITY OF NEW YORK
AND NEW JERSEY,

------------------------------------------------------------X

'09 CIV 2976

**COMPLAINT**

**PLAINTIFF DEMANDS
TRIAL BY JURY**

JUDGE RAKOFF

    Plaintiff, Charles Howard, by his attorneys, Cary Kane LLP, complaining of defendant, alleges:

### PRELIMINARY STATEMENT

1.    Plaintiff brings this action to remedy violations of the Fair Labor Standards Act as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff seeks declaratory and injunctive relief, unpaid overtime, liquidated damages, reasonable attorney's fees, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216 217, and other applicable law.

### JURISDICTION AND VENUE

2.    Jurisdiction of the Court over plaintiff's claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.    Venue is proper within this District pursuant to 28 U.S.C. § 1391, because defendant maintains its principal place of business in, does business in, and has designated an address located in this District for service of process and, accordingly, resides in this District. Venue is further proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred within this district.

### PARTIES

4.    Plaintiff Charles Howard ("Howard") resides at 108 Montvale Avenue, Montvale, NJ. At all relevant times, Howard was employed by defendant.

5. Defendant Port Authority of New York and New Jersey ("Port Authority") is a bi-state agency created by interstate compact with its principal place of business at 225 Park Avenue South, New York, NY 10003.

6. Defendant Port Authority is an "employer" within the meaning of 29 U.S.C. § 203(d). Upon information and belief, Port Authority is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

## FACTUAL ALLEGATIONS

7. Plaintiff Howard has been employed by defendant Port Authority from March 26, 1984 to the present. For the entire period of his employment, Howard has worked in the non-exempt position of pilot. As a pilot, Howard flies Port Authority helicopters providing transportation services to Port Authority and government officials, and provides security monitoring throughout the entire region of the Port Authority's jurisdiction.

8. During the entire period he has been employed by defendant, plaintiff Howard has received an hourly wage for his services.

9. During the entire period he has been employed by defendant, Howard regularly worked over 40 hours per week.

10. Despite working over 40 hours per week, Howard did not receive hourly pay at the rate of time and one half for all hours worked over 40 in a week. Instead, defendant Port Authority paid Howard at his regular straight time rate.

11. Upon information and belief, defendant Port Authority has known of and/or showed reckless disregard for the practice by which plaintiff is not paid time and a half for all hours worked over 40 in a week. Upon information and belief, defendant Port Authority has known and/or showed reckless disregard for whether its practices violate the FLSA.

## AS AND FOR A FIRST CAUSE OF ACTION

12. At all relevant times, defendant has not paid plaintiff the statutorily required overtime

rate of time and one half for hours worked by plaintiff in excess of forty hours in a week.

13.    Defendant, by the above acts, has violated 29 U.S.C. § 207.

14.    Upon information and belief, said violations are willful within the meaning of 29 U.S.C. § 255(a).

15.    No previous application has been made for the relief requested herein.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff respectfully requests that this Court enter a judgment:

(a)    declaring that the acts and practices complained of herein are in violation of the FLSA;

(b)    declaring that the acts and practices complained herein are willful violations within the meaning of 29 U.S.C. § 255;

(c)    enjoining and permanently restraining the violations alleged herein, pursuant to 29 U.S.C. § 217;

(d)    directing defendants to make plaintiff whole for all unpaid overtime wages as a result of defendant's violations of the FLSA;

(e)    directing defendant to pay plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. Sec. 216(b);

(f)    awarding plaintiff the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. Sec. 216(b);

(g)    granting such other and further relief as this Court deems necessary and proper.

Dated: New York, New York  
       March 25, 2009

        Respectfully submitted,
        CARY KANE LLP
        Attorneys for Plaintiff

        By: _____
        Walter Kane (WK7122)
        Joshua S.C. Parkhurst (JP5022)
        1350 Broadway, Suite 815
        New York, NY  10018
        (212) 868-6300

## DEMAND FOR A TRIAL BY JURY

Plaintiff, by and through his above-signed counsel, hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury in the above-captioned action.